IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JUDITH DANIELS LABONTE, Individually and d/b/a Lou La Bontes; PET XING, INC., Individually and d/b/a Pet Xing; ROBIN GIFFIN II, Individually and d/b/a Millenium Smoke Shop; MILLENIUM SMOKE SHOP CORPORATION,<br><br>        Defendants.<br>_____ | 2:11-cv-01251-GEB-GGH<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

        The status (pretrial scheduling) conference scheduled for hearing on November 14, 2011, is vacated since the parties' Joint Status Report filed on October 31, 2011 ("JSR") indicates the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

DISCOVERY

        All discovery shall be completed by February 22, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with

1 or, alternatively, the time allowed for such compliance shall have
2 expired.
3      Each party shall comply with Federal Rule of Civil Procedure
4 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on
5 or before September 21, 2012, and any contradictory and/or rebuttal
6 expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before
7 October 22, 2012.

## MOTION HEARING SCHEDULE

9      The last hearing date for a motion is April 22, 2013,
10 commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local
11 Rule 230.
12      The parties are cautioned that an untimely motion
13 characterized as a motion in limine may be summarily denied. A motion in
14 limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

16      The final pretrial conference is set for June 17, 2013, at
17 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY
18 THE CASE for each party shall attend the final pretrial conference. In
19 addition, all persons representing themselves and appearing in propria
20 persona must attend the pretrial conference.
21      The parties are warned that **non-trial worthy issues could be
22 eliminated *sua sponte*** "[i]f the pretrial conference discloses that no
23 material facts are in dispute and that the undisputed facts entitle one
24 of the parties to judgment as a matter of law." Portsmouth Square v.
25 S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

2

1 | The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[2] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on September 24, 2013.

IT IS SO ORDERED.

Dated:  November 7, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

3